## DOWNEY v. ARNONOFF.

*Contracts—Earnest money deposited with agent of owner of real estate—Prospective purchaser may recover same if deal abandoned, when.*

Earnest money paid to the agent of the owner of real property by a prospective purchaser of such property, under a contract whereby the prospective purchaser agreed to place earnest money in the hands of the vendor's agent until final settlement, which sum was to be returned if the title to the property was not good, may be recovered back in a suit brought against the agent by the one so depositing it, where the contract for the purchase and sale of the property was abandoned and never carried out.

(Decided July 9, 1923.)

ERROR: Court of Appeals for Hamilton county.

*Mr. E. T. Brown,* for plaintiff in error.
*Mr. Chas. H. Elston,* for defendant in error.

HAMILTON, J. The defendant in error brought suit in the Court of Common Pleas of Hamilton county to recover the sum of one thousand dollars, paid by him to the plaintiff in error, designated by the parties as earnest money, on a contract for the purchase and sale of certain real estate.

Plaintiff in error was the agent for the owner of the real estate, for the purpose of making the sale. Under the contract entered into by the seller and the buyer, a payment of one thousand dollars was made to plaintiff in error.

At the close of all the evidence the court in-

Agency, 2 C. J. § 496.

structed a verdict for the plaintiff, and a judgment for the amount claimed was awarded. From that judgment error is prosecuted to this court.

There is no dispute as to the facts upon the vital question necessary to the determination of the case. The one thousand dollars was paid to plaintiff in error, and, by his own testimony, he still has the same in his possession. His defense is in substance that he is not responsible to the defendant in error, as he was the agent of the seller of the real estate, and that if defendant in error had any rights they should have been exercised against the seller, his principal.

The relation of the plaintiff in error to the defendant in error in so far as liability is concerned is disclosed by paragraphs 4 and 6 of the agreement, which are as follows:

"4. Said party of the second part agrees hereby to purchase said premises together with improvement thereon including screens, shades, and coal now in basement and pay therefor the sum of twenty-seven thousand, seven hundred and thirty dollars ($27,730), payable as follows: One thousand dollars ($1,000) upon signing this contract as earnest money same to be applied on the purchase price as part payment when the deal is completed and the balance of twenty-six thousand seven hundred and thirty dollars ($26,730), to be paid when a good and sufficient deed is made. The party of the second part is to have 30 days to procure necessary loans and loan not to exceed $3,000 and examine the title thereto. If satisfactory loans cannot be procured or the deed is found to be imperfect the one thousand dollars ($1,000) to be returned. It is further mutually agreed that the title to said

property is to be clear, free and unincumbered except taxes due and payable in June, 1922, and thereafter, which taxes said party of the second part assumes and agrees to pay as part of the purchase price. Said party of the second part also agrees to place one thousand dollars ($1,000) in the hands of E. J. J. Downey as earnest money until final settlement.

"6. Cincinnati, Ohio, June 25, 1921, Received of Isadore Aronoff, the sum of one thousand dollars ($1,000) as earnest money towards the purchase of above real estate. Said money to be returned if title is not found good on above mentioned property."

In Meachem on Agency (2 ed.), Section 1444, the author lays down the rule as follows:

"An agent who receives payments or deposits upon condition that they shall be returned in a given event, may in this, as in other cases, pledge himself personally for the return; and where he has done so the fact that he was an agent is no defense."

The mere reading of paragraphs four and six of the agreement brings the case within the rule above announced. Paragraph four provided that the party of the second part, the defendant in error here, agrees to place one thousand dollars in the hands of J. J. Downey, as earnest money until final settlement. Downey's signed receipt is paragraph six, the receipt of one thousand dollars as earnest money, to be returned under certain conditions.

The contract for the purchase and sale of the property was never carried out, and was abandoned by the parties.

Our conclusion is, upon the record, that Downey

held the money in trust, to be returned by him under certain conditions, and the court did not err in its judgment.

*Judgment affirmed.*

CUSHING and BUCHWALTER, JJ., concur.